UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

Plaintiff,

vs.

RAMON PERDOMO,

Defendant.
_____/

CASE NO.:00-6093-CR-
GONZALEZ

FILED by ____ D.C.

FEC 1 1 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## MOTION FOR DISCLOSURES OF PRIOR CONVICTIONS, 404(b) EVIDENCE, AND EXPERT WITNESS SUMMARIES

THE DEFENDANT, RAMON PERDOMO, by and through undersigned counsel moves to supplement certain disclosures mandated by the Standing Discovery Order to include the following discovery:

1.    The Defendant requests that a full, complete and legible record of the defendant's prior convictions be produced by the government, clearly identifying all other charges made against the defendant, the disposition of the charges, and venue of each such prosecution, including: date of arrest; date of conviction, acquittal, dismissal, or deferral; whether each conviction is of a felony or misdemeanor or petty offense; the sentence imposed, and the dates of confinement and probation. Undersigned counsel requests these disclosures so that the defendant may receive the effective assistance of counsel concerning the election of a trial, plea or other disposition of the pending cause. Such assistance of counsel requires accurate data with which to compute various aspects of the U.S. Sentencing Guidelines, including base offense level, criminal history, enhancements and departures.

2.   The Defendant requests disclosure of all evidence of other crimes, wrongs or acts that the government intends to introduce at trial, in its case-in-chief or in rebuttal, as required by the 1991 amendment to Fed. R. Evid.404(b) (requiring disclosure and notice upon request by the accused).  The government must specify the general nature of any such evidence, identifying the date, time and location of the alleged incident, the witnesses who will testify about the incident, the nature of the incident, and the purported relevance to this case. *See United States v. Long,* 814 F. Supp. 72 (D. Kan.1993)(broad statement merely invoking the 404(b) provision is insufficient).  Additionally, the defendant requests disclosure of all *Brady/Agurs/Giglio* and *Napue* material pertaining to each such incident, as otherwise defined in the Standing Discovery Order.

3.   The defendant requests disclosure under Fed. R. Crim. P. (16)(a)(1)(E) of expert testimony the government intends to introduce at trial during its case-in-chief.  As to each potential expert witness, the government should disclose the name of the expert witness, the witness' qualifications, present employment, a summary of the witness' opinion, and the bases and reasons for the opinion.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 8th day of December, 2000  to: Roger Powell AUSA, 500 E. Broward Blvd.,  Suite # 700, Ft. Lauderdale, FL 33394.

RESPECTFULLY SUBMITTED,
LAW OFFICES OF AMY AGNOLI, P.A.
Attorney for Defendant
1443 S. Miami Avenue
Miami, FL. 33130
(305) 358-7373       .

AMY AGNOLI